```
___FILED        ___RECEIVED
___ENTERED      ___SERVED ON
         COUNSEL/PARTIES OF RECORD

         JUN 12 2018

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 2:18-CR-178-JAD-(PAL) |
| Plaintiff, | ) |
| v. | ) Preliminary Order of Forfeiture |
| LONNIE JONES, | ) |
| Defendant. | ) |

This Court finds that defendant Lonnie Jones pled guilty to Counts One and Two of a Two-Count Criminal Information charging him in Count One with Distribution of a Controlled Substance - Cocaine in violation of Title 21, United States Code, Section 841(a)(1) and in Count Two with Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds defendant Lonnie Jones agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information and the offenses to which defendant Lonnie Jones pled guilty.

///

The following property is (1) any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(g)(1), or any violation of any other criminal law of the United States, Title 21, United States Code, Section 841(a)(1); (2) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, Title 21, United States Code, Section 841(a)(1); (3) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property and any proceeds traceable to such property in violation of Title 18, United States Code, Section 922(g)(1) and Title 21, United States Code, Section 841(a)(1); (4) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of Title 21, United States Code, Section 841(a)(1); (5) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of Title 21, United States Code, Section 841(a)(1); (6) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code, Section 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Section 841(a)(1); and (7) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 21, United States Code, Section 841(a)(1), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d)(1), (2)(C), and (3)(B) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 881(a)(11) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1), 853(a)(2), and 853(p); Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, 2461(c); and Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c):

1. 2016 Gray Dodge Charger, NV Temp LP: NW-038-477, VIN: 2C3CDXCT8GH226619;
2. Beretta, Model 21A, 25 caliber semi-auto handgun, bearing serial number DAA371996;
3. $3,121; and
4. any and all ammunition

(all of which constitutes property).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Lonnie Jones in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

///

1        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or
entity who claims an interest in the aforementioned property must file a petition for a hearing to
adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be
signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code,
Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature
and extent of the petitioner's right, title, or interest in the forfeited property and any additional
facts supporting the petitioner's petition and the relief sought.

        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be
filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no
later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than
sixty (60) days after the first day of the publication on the official internet government forfeiture
site, www.forfeiture.gov.

        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if
any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at
the following address at the time of filing:

>       Michael A. Humphreys
>       Assistant United States Attorney
>       Daniel D. Hollingsworth
>       Assistant United States Attorney
>       501 Las Vegas Boulevard South, Suite 1100
>       Las Vegas, Nevada 89101.

        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described
herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate
agency following publication of notice of seizure and intent to administratively forfeit the above-
described property.

///
///
///

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 12th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE